LAKE & RISLEY COMPANY, A CORPORATION, ETC., RESPONDENT, v. SADIE RABINOVITCH, APPELLANT.

Argued October 31, 1927—Decided February 6, 1928.

For the appellant, *Cole & Cole.*

For the respondent, *Carlton Godfrey* and *William I. Garrison.*

The opinion of the court was delivered by

TRENCHARD, J.   This was an action brought by the plaintiff corporation against Mrs. Rabinovitch under section 3 of the Mechanics' Lien law, as amended in 1917 (*Pamph. L., p.* 821), to recover moneys due to it on account of materials furnished by it to Clarence Daugherty and used by him in the construction of a building upon land of the defendant.

At the trial it appeared that the contract for the erection of the building was made with the contractor, Daugherty, by the defendant's husband, David, and was duly filed in the office of the county clerk.

The contention of the plaintiff was and is that in making the contract David was acting as the agent of his wife; that the contract was binding on her; that the filing of the contract barred the materialmen from obtaining a lien, and that the plaintiff was therefore authorized to collect from the owner under section 3 of the statute.

The case went to the jury on this theory, and the jury rendered a verdict in favor of the plaintiff, and the defendant has appealed from the judgment entered upon such verdict.

The defendant's first contention is that the court erred in refusing a motion to direct a verdict for the defendant.

The ground of the motion, as stated to the trial judge, was that there was nothing to show that Mrs. Rabinovitch authorized her husband to make this contract for her, or that she had any original interest in it; and, further, that the plaintiff had an undoubted right of lien, and that, therefore, the stop-notice was wholly ineffective.

We think this motion was properly refused.   Section 13 of the Mechanics' Lien law (*Comp. Stat., p.* 3302) provides that "any married woman, upon whose land any building or buildings shall hereafter be erected   *   *   * shall be taken as consenting to the same, and such building or buildings and the curtilages whereon the same are erected shall be subject to the lien created by this act," unless she files in the office of the county clerk a notice that she does not consent to the erection of the building on her land.   Mrs. Rabinovitch did not file such a notice of dissent, and, therefore, must be

deemed, in the absence of fraud of which there is no suggestion, as having consented to the making of this contract, which was for her benefit, and the effect of this consent and the filing of the contract was to subject her property to the lien of the contractor created by section 2 of the statute.

The contention that the plaintiff corporation, who furnished materials, "had an undoubted right of lien, and that, therefore, its stop-notice was wholly ineffective," is also contrary to our decision in the case of *Earl* v. *Willitts & Co.*, 56 *N. J. L.* 334. It was there held that "a filed contract, although signed by a person other than the owner, in the absence of fraud, will, under section 2 of the Mechanics' Lien act, protect the land and buildings of the owner of the land from all claims except those of the contractor."

Finding the reasons which were urged upon the trial court for a direction of a verdict groundless, we have not considered others argued, but not suggested to the trial judge, as a ground for the direction of a verdict.

We believe that the foregoing observations sufficiently deal with every question properly raised and argued, which, in our judgment merits consideration.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.